**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **JAMES WHINNIE,** | ) | |
| | ) | **Chapter 11** |
| | ) | **Case No. 25-30271** |
| **Debtor.** | ) | |
| | ) | |

**NOTICE OF DEBTOR'S PLAN MODIFICATION AND DELETION OF CLASS 5**

NOW COMES the above-captioned debtor and debtor-in-possession, JAMES WHINNIE (the "Debtor"), pursuant to § 1127 under Title 11 of the United States Code as well as Rule 3019 of the Federal Rules of Bankruptcy Procedure, hereby submits this NOTICE OF DEBTOR'S PLAN MODICIATION AND DELETION OF CLASS 5 concerning the Debtor's *Plan of Reorganization Pursuant to § 1121 of the Bankruptcy Code* (the "Plan") [Doc. No. 79] filed on June 26, 2026. In support of the Modification, the Debtor states as follows:

1) AmeriCredit Financial Services Inc. ("ACFS") filed the following proofs of claim:

a. Claim No. 1, Secured in the amount of $42,688.57, VIN ending in 1658.

b. Claim No. 2, Secured in the amount of $42,688.57, VIN ending in 9381.

c. Claim No. 12, Secured in the amount of $34,306.30, VIN ending in 1658.

d. Claim No. 13, Secured in the amount of $35,18.68, VIN ending in 9381.

(collectively, the "Claims")

2) After submission of the Plan, ACFS and the Debtor discussed the Claims.

3) Appearing that the Claims are not only duplicative, the Debtor explained that the Claims being filed as secured was incorrect to which ACFS agreed to amended said Claims. Consequently, ACFS amended the Claims to unsecured.

4) Consequently, the Plan is hereby amended to delete *Class 5, Secured Claim of AmeriCredit Financial*.

5) Nothing herein shall modify or impair the rights of ACFS as to any non-debtor third party related to the underlying collateral stated in the Disputed Claims.

## ARTICLE 3
## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

Class 1 shall consist of ***Secured Claim of Home Trust Bank***

Class 2 shall consist of ***Secured Claim of Truist Bank***

Class 3 shall consist of ***Secured Claim of Greenstone Farm Credit***

Class 4 shall consist of ***Allowed General Unsecured Claims***

~~Class 5 shall consist of ***Secured Claim of AmeriCredit Financial***~~

~~**PLEASE TAKE NOTICE THAT THIS PLAN AFFECTS OR MODIFIES CERTAIN LIEN RIGHTS OF CREDITORS UNDER ARTICLE 9 OF THE UNIFORM COMMERCIAL CODE. CONSEQUENTLY, YOU SHOULD READ THIS PLAN IN ITS ENTIRETY. THIS PLAN RESOLVES CERTAIN LIEN RIGHTS OF THE DEBTOR AS WELL AS UCC-1 FINANCING STATEMENTS THAT PURPORTEDLY EVIDENCE A LIEN AGAINST THE DEBTOR'S ASSETS. TO THE EXTENT THAT YOU ARE NOT EXPLICITLY PROVIDED FOR BELOW, YOU WILL NOT RECEIVE ANYTHING AS A SECURED CREDITOR.**~~

~~**THIS PLAN SHOULD BE TREATED AS A CLAIM OBJECTION FOR THE PURPOSES OF VALUATION. FURTHERMORE, THIS PLAN SHOULD BE TREATED AS A MOTION TO VALUE ANY SECURED PARTY'S COLLATERAL PURSUANT TO SECTION 506(A).**~~

~~***3.5 Class 5: Secured Claim of AmeriCredit Financial***~~

~~*3.5.1 Classification.*~~

~~Class 5 consists of the Allowed Secured Claim of AmeriCredit Financial.~~

~~Collateral None~~

~~3.5.3 *Treatment.*~~

~~Class 5 shall receive nothing on account of its Class 5 Secured Claim which is deemed allowed in the amount of $0.00. Nothing herein shall be construed as a waiver of remedies or to otherwise prevent the Debtor from objecting to any portion of its general unsecured claim as provided in this Plan.~~

~~Class 5 Claimant shall cancel its lien, encumbrance as to the Debtor on the Effective Date. Entry of any Confirmation Order shall be a determination that the Debtor's property is free and clear of any and all liens, security interest, encumbrances and claims (including, but not limited to, any "claims" as defined in 11 U.S.C. § 101(5)), reclamation claims, mortgages, pledges, covenants, restrictions, hypothecations, charges, indentures, loan agreements, causes of action, instruments, contracts, leases, licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, judgments, orders and decrees of any court or foreign or domestic governmental entity, claims for reimbursement, successor liability, contribution, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, environmental, successor liability, tax and other liabilities, and in each whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown whether arising prior to, on or subsequent to the Petition Date, whether imposed by agreement, understanding law, equity or otherwise.~~

~~3.5.3 *Impairment and Voting.*~~

~~Class 5 is impaired by the Plan. The holder(s) of Class 5 Claims are entitled to vote on the Plan.~~

Dated: Charlotte, North Carolina
August 14, 2026

**ESSEX RICHARDS, P.A.**

*/s/ John C. Woodman*
John C. Woodman (NC Bar No. 42365)
jwoodman@essexrichards.com
1701 South Blvd.
Charlotte, North Carolina 28203
(704) 377-4300

***Counsel for the Debtor***

By: /s/ [signature]
James Whinnie